NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBERTO DE JESUS-FERNANDEZ GUERRA; ELSA AVILA DE GUERRA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-70737

Agency Nos.    A026-786-209
A026-786-208

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Alberto De Jesus-Fernandez Guerra and Elsa Avila De Guerra, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen deportation proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to reopen. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen to apply for asylum and related relief as numerically barred and untimely, where it was the second such motion and was filed thirty-four years after the order of removal became final, and where petitioners did not establish that a statutory or regulatory exception applies or that equitable tolling is warranted. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i)-(ii); 8 C.F.R. § 1003.2(c)(3); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of a deception, fraud, or error, as long as the petitioner acts with due diligence" in discovering such circumstances). Petitioners do not challenge the BIA's determination that they are not members of the class identified in *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We reject as unsupported by the record petitioners' contention that the BIA erred in not addressing their humanitarian asylum claim, where petitioners argued they were entitled to humanitarian asylum as *Rojas* class members.

The BIA did not abuse its discretion in denying petitioners' motion to reopen to apply for suspension of deportation, where petitioners provided no legal support for their assertion that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which addresses a different statutory scheme, applies to their proceedings.

We lack jurisdiction to consider petitioners' contentions regarding their eligibility for relief under the Nicaraguan Adjustment and Central American Relief Act. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider arguments not raised to BIA).

Petitioners' contentions that the BIA failed to sufficiently explain its decision, failed to address issues, violated their right to due process, or otherwise erred in its analysis of their motion fail. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency adequately considered evidence and sufficiently announced its decision); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**